# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Action No. 11-cr-00163-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SIR ALEXANDER NEAL

    Defendant.

## ORDER DENYING MOTION TO QUASH

A three-day jury trial on the Indictment brought against Defendant is set to begin October 24, 2011. In preparation for trial, Defendant moved the Court *ex parte* for the issuance of a subpoena *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c).[1] (ECF No. 59.) The Court granted Defendant's request and ordered that the Clerk issue the requested Subpoena. (ECF No. 60.)

The subpoena was issued to the Custodian of Records at the Denver Police Department. (ECF No. 73-1.) The Subpoena required production of the following:

> Personnel records for Officer Paul F. Von Feldt, #P97003 shall be provided and shall include any and all records of work history and training, complaints against the individual officer, disciplinary actions, both pending and already adjudicated, notes, records and reports, and commendations.

In response to this Subpoena, the Denver Police Department filed the instant

---

[1] The request for subpoena was filed *ex parte* and is so titled on the docket. However, the Court's Order granting the issuance of the subpoena is publically available. Because all parties are aware of the content of the subpoena, the Court need not file this Order under seal.

Motion to Quash. (ECF No. 73.)

For the reasons set forth below, the Motion to Quash is DENIED.

## I. LEGAL STANDARD

The Court has wide discretion to determine whether a Rule 17(c) subpoena is appropriate. The trial court is in the best position to "view the witness or evidence and assess credibility and probative value." *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986). The Court's decision is reviewed for abuse of discretion and will be reversed only if the reviewing court has "a definite and firm conviction that the court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Gonzales-Acosta*, 989 F.2d 384, 388-89 (10th Cir. 1993).

The parties dispute the substantive legal standard for issuance of a subpoena pursuant to Rule 17(c). The Interested Parties and the Government contend that the rule announced adopted by the Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974)[2] applies:

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

---

[2] This rule was initially propounded by the Southern District of New York in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). In *Nixon*, the Supreme Court simply adopted the rule from *Iozia*.

*Id*. at 699-700.  The Supreme Court concluded that the simple test a party must meet to enforce a subpoena is: "(1) relevancy; (2) admissibility; (3) specificity." *Id*.

Defendant argues that the *Nixon* test does not apply here because the Subpoena is issued to a third-party rather than to the Government.  One court has held that "[a] real question remains as to whether it makes sense to require a defendant's use of Rule 17(c) to obtain material from a non-party to meet this same standard." *United States v. Nachamie*, 91 F. Supp. 2d 552, 562 (S.D.N.Y. 2000).   The basis for this different standard is that, unlike the Government, the defendant has not had an earlier opportunity to obtain material by means of a grand jury subpoena.  Because the Rule states only that a court may quash a subpoena "if compliance would be unreasonable or oppressive," the judicial gloss that the material sought must be evidentiary—defined as relevant, admissible, and specific—may be inappropriate in the context of a defense subpoena of documents from third parties.  As one court has noted,

> The notion that because Rule 16 provides for discovery, Rule 17(c) has no role in the discovery of documents can, of course, only apply to documents in the government's hands; accordingly, Rule 17(c) may well be a proper device for discovering documents in the hands of third parties.

*United States v. Tomison*, 969 F. Supp. 587, 593 n.14 (E.D. Cal. 1997).  Defendant advocates that the only test for obtaining the documents should be whether the subpoena was:  (1) reasonable, construed using the general discovery notion of material to the defense; and (2) not unduly oppressive for the producing party to respond.  *Nachamie*, 91 F. Supp. 2d at 563.

The Court finds that it need not decide which standard should apply because the outcome would be the same under either standard in this case. Because it is the more widely-accepted approach, the Court will analyze this case under the *Nixon* standard.

## II. ANALYSIS

Denver Police Department contends that Defendant has failed to meet his burden of showing that the Subpoena at issue here satisfies the *Nixon* test. It argues that Defendant is going on a "fishing expedition" and that Officer Von Feldt's privacy rights should trump any right Defendant may have to Von Feldt's personnel records.

The Court will first consider whether the *Nixon* standard is satisfied and then address the balancing of the Officers' privacy rights with Defendant's right to defend himself at trial.

1.  Relevance

The first prong of the *Nixon* standard requires the Court to assess whether the documents sought have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The key issue at trial will be whether Defendant had possession of the firearm that was found in the vehicle in which he was riding.[3] Officer Von Feldt was the first officer to see the firearm—at that point allegedly under the passenger's seat—and also

---

[3] The Court previously issued a subpoena for Officer Von Feldt's personnel records but granted the Motion to Quash because Von Feldt's credibility was not material to the outcome of the suppression hearing. The Court specifically noted that if this case went to trial, Von Feldt's credibility would be a more significant issue and that Defendant was free to renew his request for Von Feldt's personnel records at that time.

allegedly witnessed the Defendant make motions that could be interpreted as moving the gun. Because whether Defendant possessed the firearm is the key issue in this case and Von Feldt's testimony will be crucial to the Government meeting its burden with respect to Defendant's possession, Von Feldt's credibility is clearly relevant.

    2.    <u>Admissibility</u>

Because Officer Von Feldt will be one of the Government's two chief witnesses at trial, the materials from his personnel file will be admissible for impeachment purposes, if nothing else. Thus, the Court finds that Defendant has met his burden of showing that the requested materials are admissible. *See United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988) (district court was within its discretion to allow 17(c) subpoena returnable pre-trial for impeachment evidence because witness was certain to testify and requiring that disclosure wait until such testimony occurred would unreasonably delay the trial); *United States v. King*, 194 F.R.D. 569, 574-75 (E.D. Va. 2000).

    3.    <u>Specificity</u>

The specificity requirement is designed to prevent the defense from using the Rule 17(c) subpoena as a "fishing expedition." "*Nixon* mandates that the party requesting the information identify the item sought and what the item contains, among other things." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

Denver Police Department argues that Personnel Records Subpoena is too broadly worded and requests all information from the officers' personnel files regardless of its potential relevance. (ECF No. 73 ¶ 2.) The Court disagrees. Though Defendant does not refer to specific documents from Von Feldt's personnel files, his request is

limited to the topics of "work history and training, complaints against the individual officer, disciplinary actions, both pending and already adjudicated, notes, records and reports, commendations." (ECF No. 26.) This shows that Defendant has attempted to limit the evidence sought to be produced to those subjects most likely to yield impeachment material. Without having seen the personnel files, the Court cannot imagine how Defendant could be more specific.[4]

The Court finds that materials sought from Officer Von Feldt's personnel records are relevant, admissible and specific. Defendant has therefore satisfied the *Nixon* standard.

4. Officer Von Feldt's privacy interests

Denver Police Department also moves to quash the Subpoena in part because production of the materials in the personnel files would violate Officer Von Feldt's privacy interests.

The Colorado Supreme Court has recognized that police officers have a right to privacy in their personnel files. *See People v. Spykstra*, 234 P.3d 662, 670 (Colo. 2010). Thus, in Colorado, a defendant must "make a greater showing of need and, in fact, might not gain access to otherwise material information depending on the nature of the interest against disclosure." *Id*. (citing *Martinelli v. Dist. Ct.*, 612 P.2d 1083, 1091 (1980).

---

[4] To the extent that the subpoena for documents from the personnel files is arguably overbroad, the Court can and will correct such overbreadth during its *in camera* review. As discussed more fully below, the officers' privacy interests in their personnel files warrant disclosure of only that information material to this case and likely to be relevant for impeachment purposes. The Court will be mindful of these considerations as it conducts its *in camera* review.

The Colorado courts have devised a test for determining whether to require disclosure of materials in which an officer has a privacy interest:

> When the right to confidentiality is invoked to prevent disclosure of personal materials or information, a tri-partite balancing inquiry must be undertaken by the court, as follows:
>
> (1) does the party seeking to come within the protection of right to confidentiality have a legitimate expectation that the materials or information will not be disclosed?
>
> (2) is disclosure nonetheless required to serve a compelling state interest?
>
> (3) if so, will the necessary disclosure occur in that manner which is least intrusive with respect to the right to confidentiality?

*Martinelli*, 612 P.2d at 1091. The balancing of the need for disclosure with the privacy interests of the officer must be done on a case-by-case basis. *ACLU v. Whitman*, 159 P.3d 707, 710-11 (Colo. Ct. App. 2006).

### a. Legitimate expectation of privacy

Defendant acknowledges that Officer Von Feldt has a significant privacy interest in the requested material. Thus, there is no dispute that the first prong of the test is satisfied.

### b. Compelling governmental interest

Given a criminal defendant's right to compulsory process and right to confront the witnesses against him, information sought in an effort to impeach a key government witness certainly serves a compelling state interest. The Tenth Circuit has held that the Court's interest in determination of the truth and the defendant's right to exculpatory

evidence can override a police officer's privacy interests in their personnel files, including reports of internal affairs. *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 436 (10th Cir. 1981).

The information sought here certainly goes to the pursuit of truth and is potentially exculpatory. "When the only prosecution witnesses are the police officers involved, anything that goes to their credibility may be exculpatory." *Lichtenstein*, 660 F.2d at 436. The Colorado Supreme Court has held: "A defendant who is charged with assaulting a police officer is entitled to disclosure of the fact that complaints charging excessive use of force have been filed against the officer involved." *People v. Walker*, 666 P.2d 113, 121-22 (Colo. 1983). In *Martinelli*, the Colorado Supreme Court held that internal affairs reports could contain evidence probative of the officer's propensity towards misconduct. 612 P.2d at 1083.

As previously noted, the key issue at trial will be whether Defendant possessed the firearm recovered by the officers during the traffic stop of the vehicle in which he was the passenger. Officer Von Feldt was the first officer to see the firearm, allegedly under the passenger seat. The firearm was ultimately recovered from under the driver's seat. Under the precedent cited above, it is apparent that both the Tenth Circuit and the Colorado courts recognize that evidence relating to Officer Von Feldt's credibility would serve a compelling state interest.

    **c.    Least intrusive means of disclosure**

"When it is determined that a compelling state interest mandates the disclosure of otherwise protected materials or information, the trial court must further inquire into

the manner in which the disclosure will occur. Disclosure must only be made in a manner, consistent with the state interest to be served, which will intrude least on the claimant's right to confidentiality." *Martinelli*, 612 P.2d at 1092. The Colorado Supreme Court has explicitly and repeatedly approved of *in camera* judicial review as the least intrusive means for determining whether disclosure is appropriate. *See Walker*, 666 P.2d at 122 (trial court's *in camera* review of internal affairs reports prior to production protected the interests of the defendant, the government, and the public).

In this case, Defendant recognizes Officer Von Feldt's privacy interests in the materials contained in his personnel files and does not oppose the Court conducting an *in camera* review of the material before it is disclosed to Defendant. (ECF No. 78 at 8.) Denver Police Department also requests that, should any material be disclosed to Defendant, such disclosure be subject to a protective order. (ECF No. 73 ¶ 11.) Defendant does not oppose this request. (ECF No. 78 at 8.)

In sum, the Court finds that Defendant's right to compulsory process and to confront a key witness against him outweighs Officer Von Feldt's right to privacy in his personnel file. However, so as to respect Officer Von Feldt's privacy interests as much as possible, the Court will conduct an *in camera* review of the materials and will require that any materials ultimately produced to Defendant be subject to a protective order.

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES Denver Police Department's Motion to Quash. The Denver Police Department shall produce to the Court for *in camera* review the materials responsive to the subpoena by close of business on

**October 17, 2011**. The Court notes that on October 17, 2011, the undersigned will have moved to his new chambers, A841. The documents should be delivered there. DPD is free to redact identifying information (*e.g.* social security numbers, addresses, phone numbers) from these materials prior to producing them to the Court.

Dated this 12th day of October, 2011.

BY THE COURT:

William J. Martinez
United States District Judge